[Crim. No. 12851. First Dist., Div. One. Sept. 26, 1974.]

In re CHARLES T. MILLER on Habeas Corpus.

**COUNSEL**

Benjamin R. Winslow, under appointment by the Court of Appeal, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart and Ina L. Gyemant, Deputy Attorneys General, for Respondent.

**OPINION**

**ELKINGTON, J.**—Charles T. Miller, a California state prison inmate, by way of habeas corpus seeks credit for 327 days upon his prison term, under the authority of *In re Kapperman,* 11 Cal.3d 542 [114 Cal.Rptr. 97, 522 P.2d 657], *In re Young,* 32 Cal.App.3d 68 [107 Cal.Rptr. 915], and Penal Code section 2900.5.

Miller was arrested and incarcerated in the Los Angeles County jail, March 31, 1970, on a charge of robbery.

Three days later, April 2, 1970, a federal detainer was lodged against him from El Paso, Texas, where he was wanted for trial on a charge of assaulting a federal officer.

He remained in the Los Angeles County jail by virtue of the pending robbery charge and the federal detainer until September 15, 1970, when he was delivered into federal custody for trial on the El Paso offense.

Miller remained in custody of the federal authorities in an El Paso jail until October 8, 1970, on which date, following his plea of guilty and sentence on the El Paso assault charge, he was returned to California for trial on that state's robbery charge against him.

In California Miller pleaded guilty to robbery, second degree, and was sentenced to state prison for the period prescribed by law, i.e., for "not less than one year." (See Pen. Code, § 213, subd. 2.) That term, however, was ordered to run *concurrently* with his federal sentence.

Following the California guilty plea and sentence a decision was made that Miller first serve the earlier imposed federal prison term. On February 19, 1971, 325 days (not 327 as claimed by Miller) after his Los Angeles robbery arrest, he was delivered to appropriate authorities for that purpose. The federal sentence has now been served and Miller is, as indicated, completing his concurrent California prison term.

Penal Code section 2900.5 (enacted 1971) reads as follows:

"(a) In all felony convictions, either by plea or by verdict, when the defendant has been in custody in any city, county, or city and county jail, all days of custody of the defendant from the date of arrest to the date on which the serving of the sentence imposed commences, including days served as a condition of probation in compliance with a court order, shall be credited upon his sentence, or credited to any fine which may be imposed, at the rate of not less than twenty dollars ($20) per day, or more, in the discretion of the court imposing the sentence. If the total number of days in custody exceeds the number of days of the sentence to be imposed, the entire sentence shall be deemed to have been served. In any case where the court has imposed both a prison sentence and a fine, any days to be credited to the defendant shall first be applied to the sentence imposed, and thereafter such remaining days, if any, shall be applied to the fine.

"(b) *For the purposes of this section, credit shall be given only where the custody to be credited is attributable to charges arising from the same criminal act or acts for which the defendant has been convicted.*

"(c) This section shall be applicable only to those persons who are delivered into the custody of the Director of Corrections on or after the effective date of this section." (Italics added.)

The time credits of "section 2900.5 must be applied to all felony convictions, and not only to those in which presentence detention occurred as a result of indigency and inability to post bail. . . ." (*In re Kapperman,*

*supra,* 11 Cal.3d 542, 549.) And despite the contrary provision of its subdivision (c), section 2900.5 is fully retroactive. (*In re Kapperman, supra,* p. 550.) Accordingly the statute is operative as to Miller in the instant case.

The Attorney General has conceded that but for the 23 days spent by Miller in federal custody in the El Paso jail, all of his incarceration from the date of his arrest on March 31, 1970, until his delivery for service of the federal sentence on February 19, 1971, was reasonably "attributable to charges arising from" the California robbery.

■ We now consider Miller's entitlement to the debated 23 days' credit.

Subdivision (b) of section 2900.5 makes it clear that Miller is to be credited on his Los Angeles robbery sentence *only* with such jail time as is reasonably "attributable to charges" leading to that robbery conviction. The time spent by Miller in the El Paso jail in the wholly unrelated federal proceedings was not attributable in any way to the Los Angeles robbery charge. Accordingly section 2900.5 extends him no credit for the 23 days so served.

Nothing is found in *Kapperman* or *Young,* relied upon by Miller, which suggests a different conclusion.

We note that the Los Angeles County Superior Court ordered that Miller's robbery conviction prison term run concurrently with his federal *sentence.* No judicial intent was indicated that he have credit for jail time served in the federal proceedings leading up to that sentence.

It follows that Miller is entitled under section 2900.5 to 325 days' credit against his California prison term, less the 23 days served in the El Paso jail in relation to the federal charges.

The Adult Authority will, under Penal Code section 2900.5, allow Miller 302 days credit on the prison term he is serving which resulted from his Los Angeles County robbery conviction.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied October 21, 1974.