[Crim. No. 8786. Fourth Dist., Div. One. Mar. 3, 1978.]

In re JERRY RAY EWING on Habeas Corpus.

[Crim. No. 8640. Fourth Dist., Div. One. Mar. 3, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRY RAY EWING, Defendant and Appellant.

456

**Counsel**

Appellate Defenders, Inc., under appointment by the Court of Appeal, George Wetzel and Elaine A. Alexander for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Karl J. Phaler and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COLOGNE, J.**—Defendant Jerry Ray Ewing appeals and petitions for a writ of habeas corpus after the trial court sentenced him to prison upon his plea of guilty to being a convicted felon in possession of a concealable firearm (Pen. Code, § 12021). His appeal and the writ relate solely to credit for presentence time in custody.

On February 20, 1976, Ewing was arrested in San Diego for charges relating to his possession of a firearm. He was released from custody the next day, and he failed to appear at San Diego court proceedings scheduled March 31, 1976, on the firearm matter.

On October 8, 1976, Ewing was arrested in Alameda County for forgery (Pen. Code, § 470). Holds were placed on him by San Diego law enforcement and state parole authorities.[1] He remained in custody. On December 30, 1976, the court in Alameda County sentenced him on the forgery conviction to one year in jail, with credit for time served.

On February 4, 1977, Ewing returned to San Diego and on February 7, counsel was appointed to represent him.

---

[1]The record on appeal is unclear with respect to some matters such as the actual dates of certain events, but the lack of clarity is not pertinent to the case as decided. Copies of documents attached as exhibits to Ewing's points and authorities in support of his petition for writ of habeas corpus reflect a bench warrant setting bail at $5,000 issued April 2, 1976, from San Diego Municipal Court for Ewing's nonappearance at felony arraignment scheduled March 31 on firearms offense charges; pursuant to this and another warrant for state charges, on October 8, Alameda County placed two holds against Ewing's release; a third, Department of Corrections, hold was also placed against his release; on February 4, 1977, after 120 days of continuous custody in Alameda County and after his conviction there, Ewing was released to San Diego County on an order in compliance with Penal Code section 1381.

On February 25, 1977, an information was filed charging Ewing with three firearms offenses committed February 20, 1976 (Pen. Code, §§ 12025 [carrying concealed a concealable firearm], 12031, subd. (a) [carrying loaded firearm in public place], 12021 [ex-felon in possession of concealable firearm]). Pursuant to a bargain he pleaded guilty to the charge of being an ex-felon in possession of a concealable firearm and the trial court sentenced him to prison on April 18, 1977. For purposes of Penal Code section 2900.5 the court credited him with 70 days of presentence custody, from February 7 (the date counsel was appointed) to April 18, 1977 (the sentencing date).[2]

■ Ewing contends under the provisions of Penal Code section 2900.5, he is entitled to credit for time spent in custody in Alameda County while under a hold from San Diego County on the present charges, and for any other time served in relation to these charges.

Penal Code section 2900.5 provides in part:

"(a) In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including but not limited to any time spent in a jail . . . all days of custody of the defendant . . . shall be credited upon his sentence . . . .

"(b) For the purposes of this section, *credit* shall be given *only* where the *custody* to be credited is *attributable to proceedings related to the same conduct for which* the defendant has been *convicted.*" (Italics added.)

As the above underscoring suggests, the sole issue is whether the custody in Alameda County is attributable to San Diego proceedings related to the firearms offense conduct for which Ewing has been convicted in San Diego.

We hold Ewing's Alameda County custody from the date of his arrest there to the date of his booking into the San Diego County jail is not attributable to proceedings related to the firearms offense conduct. That period of custodial time is attributable solely to the Alameda County

---

[2]After the court fixed the credit and otherwise pronounced judgment Ewing stated to the court he noticed the court used the February 7 date for time served and he "was booked in the County Jail for transportation on February the 4th," to which the court replied: "I am looking at the bench warrant on February the 7th, from the time that you have been in custody, and this is what I am looking at, and that will be the ruling."

proceedings related to the Alameda County forgery conduct of which Ewing was convicted there.

The key words of the section are "proceedings related to the same conduct." From the standpoint of his custodial status in Alameda County, in Ewing's case there were no San Diego proceedings related to the firearms offense conduct until he was returned to San Diego. The mere fact a hold was placed on him does not alter this conclusion, for the hold did not relate to conduct to which his Alameda County custody could be said to be attributable. On the record before us the hold in question played no part either in Ewing's initial custody or his ongoing custody in Alameda County.[3] The proceedings to which Ewing's custody in Alameda County was attributable were related to forgery, entirely different conduct and totally unrelated to that for which he was wanted in San Diego.

The San Diego hold had much the same effect as did the federal detainer in the case of *In re Miller,* 41 Cal.App.3d 1046 [116 Cal.Rptr. 624]. In *Miller* the defendant was delivered to federal authorities to stand trial on an unrelated offense pursuant to a detainer filed after his arrest on state charges. The time spent out-of-state in federal custody was not allowed as a credit on Miller's sentence for the state charge. Miller was credited only for actual time spent in state custody for adjudication of the state charge even though during part of that time he was subject to the detainer. The detainer, as such, had no bearing on credit allowed. Similarly, where an arrest is followed by a parole hold, the defendant is credited with the time spent in custody during those proceedings and the parole hold, as such, does not affect the credit to be allowed (see, e.g., *People* v. *Meals,* 48 Cal.App.3d 215, 226-227 [121 Cal.Rptr. 742]).

Just as the Alameda County court would not view the San Diego hold here in question as diminishing Ewing's right to credit for presentence

---

[3]The record shows there were three holds, including the hold in question. Even assuming the truth of Ewing's assertion he could have posted the bail fixed for the Alameda County forgery charge, there were still left two holds other than the hold under consideration. Thus, there is no showing the hold here in question had any relationship to Ewing's ongoing custody.

Nothing we say is meant to imply an arrest pursuant to a bench warrant would not result in custody attributable to proceedings related to the same conduct for which a defendant is convicted. In Ewing's case, however, the record shows he was arrested and taken into custody solely because of the Alameda County conduct, entirely different from and unrelated to the San Diego conduct giving rise to the issuance of the warrant and resulting hold.

time spent on the Alameda County charge, so, too, should we, following *Miller,* view the Alameda County jail time in the Alameda County proceedings as wholly unrelated and not attributable in any way to the San Diego proceedings. This conclusion is not inconsistent with the liberal interpretation we are required to apply to Penal Code section 2900.5 (see *In re Watson,* 19 Cal.3d 646, 651-653 [139 Cal.Rptr. 609, 566 P.2d 243]).

■ Ewing is entitled to credit from February 4, 1977, when he was released to San Diego authorities pursuant to Penal Code section 1381. It is appropriate to apply the Penal Code section 2900.5 credit, if otherwise proper, even to a period of custodial time in which a defendant is serving a sentence on another conviction (see *In re Bentley,* 43 Cal.App.3d 988, 992 [118 Cal.Rptr. 452]).

In addition to the seventy days of credit already reflected in the abstract of judgment Ewing is entitled to credit for the two days he was in custody immediately after his arrest (Feb. 20 and 21, 1976) and for the three days including his date of booking into the San Diego County jail from Alameda County (Feb. 4, 5 and 6, 1977). The judgment and its abstract will be modified accordingly.

As so modified, the judgment is in all other respects affirmed. The petition for writ of habeas corpus is denied.

Brown (Gerald), P. J., and Staniforth, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 18, 1978. Bird, C.J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.