Opinion
SAETA, J.
Defendant timely appeals from an order of the municipal court revoking probation and sentencing her to 180 days in county jail with credit for 30 days previously served in jail. The only contention on appeal raised by defendant and pursued by her in her briefs that has merit is that credit for time served should have been in excess of the 30 days given.
The chronology of this matter is as follows. Defendant was charged with violating Penal Code section 12031 (possession of a loaded firearm) on August 7, 1976. After a plea of guilty, imposition of sentence was suspended and she was placed on probation for two years on September 24, 1976. Among the conditions of probation were that she serve 30 days in the county jail and be a law-abiding citizen. She was committed and served the 30 days in jail.
On July 3, 1977, defendant was charged with murder of her husband. She remained in custody on that charge until her sentencing in superior court for manslaughter on October 4, 1978. On July 17, 1977, the municipal court noted a possible violation of the probationary order (relating to her status as a law-abiding citizen) and set in motion probation violation proceedings. The municipal court purported to *Supp. 56 release defendant on her own recognizance on October 21, 1977, but, as seen above, she remained in custody on the pending murder charge. On July 20, 1978, she pleaded nolo contendere to the charge of involuntary manslaughter and the superior court case was continued for sentencing.
On September 11, 1978, in municipal court, the defendant admitted the violation of probation. Her probation was revoked. She was then sentenced for her violation of Penal Code section 12031 to 180 days in the county jail “consecutive to any other commitment; credit to be given for 30 days served.” It is from this order that the defendant appeals.
Thereafter, on October 4, 1978, the superior court suspended proceedings, granted four years probation on conditions including spending the first one year, three months and one day in county jail, and gave credit for one year, three months and one day in custody already served. This equates to the total time served from July 3, 1977, to October 4, 1978.
From the above chronology it can first be observed that the sentence in the municipal court preceded that in the superior court. Consecutive sentences may be imposed only by the judge imposing the second sentence. (Pen. Code, § 669.) The probationary order imposed in municipal court September 24, 1976, was not a sentence; but the order imposed September 11, 1978, was such a sentence. (In re White (1969) 1 Cal.3d 207, 212 [81 Cal.Rptr. 780, 460 P.2d 980].) Only the superior court could have imposed a consecutive sentence, not the municipal court judge. (In re Nafe (1965) 237 Cal.App.2d 809, 811 [47 Cal.Rptr. 457], cert. den. (1966) 383 U.S. 962 [16 L.Ed.2d 304, 86 S.Ct. 1233].) Thus the court erred here in attempting to impose a consecutive sentence.
There is a further error. Defendant should have been credited for the full time she spent in custody due to the pending probation revocation proceedings, i.e., from July 17, 1977, to October 21, 1977—a period of 96 days. On October 21, 1977, defendant was no longer being held on her potential probation violation as she was given an O/R release. From that time on, her custody was solely related to the pending murder charge. The credit of 96 days, as well as that actually given for the 30 days, are required by Penal Code section 2900.5. That section reads, so far as is pertinent to this case, as follows:
“(a) In all. . . misdemeanor convictions, . . . when the defendant has been in custody, ... all days of custody of the defendant, including days *Supp. 57 served as a condition of probation in compliance with a court order . . . shall be credited upon his term of imprisonment.... If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served. . . .
“(b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed.”
The 30 days’ credit for time spent in jail following September 24, 1976, as a condition of probation was properly given by the trial court pursuant to Penal Code section 2900.5, subdivision (a) (first sentence of subd. (a) quoted above). The time defendant spent in custody from July 17, 1977, to October 21, 1977, is attributable to the pending probation revocation hearing. It must be credited to defendant even though the same act (the alleged murder) which constituted a potential violation of probation also constituted a potential subsequent conviction. (People v. Washington (1978) 80 Cal.App.3d 568 [145 Cal.Rptr. 654].) The same conduct can, and here did, give rise to separate criminal proceedings and the Legislature has determined that credit for confinement during the pendency of those proceedings shall be given.
The People argue that the second sentence of Penal Code section 2900.5, subdivision (b) prevents credit for time served as defendant received total credit from July 3, 1977, to October 4, 1978, in the superior court proceedings. That contention would be correct except that the plain language of that code provision requires a consecutive sentence be imposed. As seen above, the purported consecutive sentence was improperly made. Thus there is no statutory inhibition toward giving credit here to defendant for the time she spent in custody attributable to the probation violation proceedings. While there is no reported interpretation of this recently enacted second sentence of Penal Code section 2900.5, subdivision (b), it appears to us that had the Legislature wished to prevent “double credit” where there were two charges pending without regard to whether the ultimate sentences were consecutive, it could have done so by not making reference to “consecutive sentences.”
The People further argue that appellant in some manner waived the benefits of Penal Code section 2900.5 by a failure to object to the *Supp. 58 credit given by the trial judge. We think this argument is without support. The People cite cases where evidentiary objections are deemed waived by failure to object at trial. That is a far cry from the imposition of a sentence that imposes too .much time in jail. Hundreds of habeas corpus applications and decisions would be erroneous; if the People’s argument prevailed. Secondly, on the record presented to us, we cannot tell whether or not an objection was made at the time of sentencing on September 11, 1978, or whether the trial judge imposed sentence without entertaining any argument on the question of credits for time served. Lastly, it has recently been held that a defendant may waive the benefits of Penal Code section 2900.5 only by a knowing and intelligent waiver. (People v. Johnson (1978) 82 Cal.App.3d 183, 188-189 [147 Cal.Rptr. 55].) No such knowing and intelligent waiver appears on our record.
The defendant therefore should have been credited with 30 days time in custody due to the probation condition and' 96 days while awaiting her probation • violation hearing, a total of 126 days. The sentence imposed was 180 days. Under Penal Ctide section 4019 the defendant could only serve 120 days of a 180-day sentence. Therefore, her total days in custody exceed the nuniber of days of imprisonment which she could be required to serve. Under the second quoted sentence of Penal Code section 2900.5, subdivision (a), the entire term ■ of imprisonment shall be deemed to have been served.
The order appealed from is reversed with directions to the trial judge to credit defendant' with 126 days for time served and to discharge her from further custody.
Cole, P. J., concurred.