Filed 10/22/13  P. v. Fischer CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH ALAN FISCHER,<br><br>    Defendant and Appellant. | G048339<br><br>(Super. Ct. No. 03NF2838)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Reversed and remanded.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

In 2007, we affirmed Joseph Alan Fischer's convictions for robbery and other crimes.  (*People v. Fischer* (Dec. 20, 2007, G036972) [nonpub. opn.].)  We rejected claims the prosecutor committed prejudicial misconduct, and that Fischer's 12-year prison sentence constituted cruel or unusual punishment.

In March 2013, Fisher filed a motion from prison in propria persona seeking additional presentence custody credits.  The trial court denied the motion because the proof of service was allegedly defective, and because Fischer was "apparently" not entitled to the extra credits.  For the reasons expressed below, we reverse and remand for further proceedings.

I

FACTS AND PROCEDURAL BACKGROUND

The underlying facts are contained in our prior opinion and are not relevant to the current appeal.  According to the March 24, 2006 sentencing minute order, the trial court awarded Fischer credit for time served of 741 actual days and 111 days of conduct credit, totaling 852 days.  The abstract of judgment conforms to the minute order.

On March 29, 2013, Fischer filed a "Motion to Correct Abstract of Judgment."  He asserted he was entitled to credit for 920 actual days served and 138 days of conduct credit, for a total of 1058 days.

The trial court's minutes reflect the court denied the order on April 23, 2013:  "No appearances.  [¶]  Having received Defendant's purported motion for a corrected Abstract of Judgment, the court finds and orders as follows:  The proof of service attached to the petition is defective.  Defendant's request is therefore not in correct procedural form in that it is an ex parte communication with the court, rather than a properly noticed motion.  (*People v. Clavel* (2002) 103 Cal.App4th 516, 518-519.)  Moreover, Defendant fails to demonstrate his entitlement to credit for the period he seeks and, based on his Los Angeles County custody, it appears he was not.  (See *People v.*

2

*Brown* (2012) 54 Cal.4th 314; see *People v. Lara* (2012) 54 Cal.4th 896, 900; see *In re Rojas* (1979) 23 Cal.3d 152; *People v. Huff* (1990) 223 [Cal.App.3d] 1100, 1106; *People v. Brown* (1980) 107 Cal.App.3d 858, 864.)  Thus, insofar as this court has jurisdiction to rule on this postjudgment, exparte [*sic*] petition, it is DENIED.  (Italics added.)"

## II

### DISCUSSION

Fischer contends the trial court erred by denying his motion on the ground the proof of service on the district attorney was defective.  He asserts the court should have ascertained whether the prosecutor received notice of the motion.  He also argues the court erred by denying the motion by "simply relying on the documents submitted by an imprisoned pro per defendant" without reviewing "the superior court file to determine whether the defendant has received the correct number of days" of credit.

*Proof of Service*

A proof of service reflects Fischer served his motion on the Orange County District Attorney's office "in accordance with the procedures of the prisons legal mail collection" to the following address:  P.O. Box 808, Santa Ana, CA 92702.  The Attorney General argues the proof of service "omitted the [district attorney's] street address [401 Civic Center Drive] and provided the wrong zip code [92702 instead of 92701]."

The district attorney filed the information in this case using the address that Fischer listed on his proof of service.  Accordingly, the trial court erred in finding the proof of service attached to the motion was defective.  The sole authority cited by the court (*People v. Clavel* (2002) 103 Cal.App.4th 516 (*Clavel*)) is inapposite.  The issue in *Clavel* was whether a defendant must file a formal motion in the trial court seeking correction of presentence custody credits.  (Pen. Code, § 1237.1 ["No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the

3

calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court"]; *People v. Fares* (1993) 16 Cal.App.4th 954, 958.) *Clavel* held Penal Code section 1237.1 and *Fares* require a formal motion before an appellate court will entertain an appeal from the trial court's refusal to correct credits. *Clavel* noted, "The difference between a formal motion and an informal letter is significant. Unlike a letter, a motion is necessarily a part of the record and compels judicial response. It is noteworthy that the trial court in this case apparently did not find it necessary to rule on the request set forth in the letter or respond to it in any other way. This informal procedure does not meet the needs of an orderly appellate process; nor does it fully protect the interests of criminal defendants." (*Clavel*, *supra*, at p. 519.) But *Clavel* also observed, "We do wish to make clear, however, that nothing in this opinion prohibits counsel from initially attempting to resolve the credit miscalculation issue by way of an informal letter to the trial court. Nor is there any court rule that prohibits the trial court from entertaining an informal letter and ruling on the matter if the court so chooses. (See, e.g., Cal. Rules of Court, rule 201(j).)" (*Clavel*, *supra*, at p. 519, fn. 4.)

Here, the record on appeal contains Fischer's motion to correct the alleged miscalculation of presentence custody credits, and a proof of service reflecting the motion was served on the prosecutor's office. The trial court erred by denying the motion for defective proof of service, and in finding Fischer's request was "not in correct procedural form in that it is an ex parte communication with the court, rather than a properly noticed motion."

*Merits*

Because the trial court denied the motion on erroneous procedural grounds, we reverse the order and remand for the court to consider (or reconsider) the motion on

4

its merits.  We note Fischer supplied a "timeline" and "time calculation sheet" and asserted he was arrested in Los Angeles County on September 16, 2003, he was "sentenced" in Los Angeles on October 16, 2003, he was sent to prison on November 14, 2003, and he was brought to the Orange County jail on February 12.  He claims the trial court awarded credits for the current case beginning March 12, 2004.  He seeks credits for custody served from September 16, 2003 to March 12, 2004.  The trial court's minutes reflect the district attorney filed a felony complaint on September 5, 2003, the Orange County Superior Court  signed an arrest warrant on September 12, 2003, and Anaheim police served the warrant on September 17, 2003.

In its order denying Fischer's motion, the trial court stated Fischer "fails to demonstrate his entitlement to credit for the period he seeks and, based on his Los Angeles County custody, *it appears* he was not."  (Italics added.)  Fischer's showing was adequate to require the court to examine the record and determine whether Fischer was in fact entitled to additional credit.  (See *People v. Shabazz* (2003) 107 Cal.App.4th 1255, 1258 (*Shabazz*) [burden is on the accused to establish entitlement to presentence custody credit].)  There may be an issue whether Fischer's custody was attributable to proceedings related to the conduct for which he was convicted in this case.  (*Id.* at p. 1258 [sentence may not be credited with presentence custody time attributable to a parole or probation revocation based in part upon *different* criminal conduct; prisoner must show the conduct underlying the term was a "'but for'" cause of the earlier restraint]; *In re Rojas* (1979) 23 Cal.3d 152.)  But the trial court did not adequately resolve the issue, nor can we on the current record.  We will remand for that purpose.

## III

### DISPOSITION

The order denying defendant's motion to correct the abstract of judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.

6