Filed 10/24/13  P. v. Williams CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW S. WILLIAMS,<br><br>        Defendant and Appellant. | A137794<br><br>(Lake County<br>  Super. Ct. No. CR930194) |

This is an appeal from judgment after appellant Matthew S. Williams pleaded no contest to one felony count of possession of methamphetamine and admitted having served a prior prison sentence.  During sentencing, the trial court denied appellant's request for probation and ordered him to serve a total prison term of four years.  This total prison term represented the upper term of three years on count two and an additional year for the prior prison term.  Appellant was awarded a total of 192 days of credit for time served and for good conduct.

After appellant filed a timely notice of appeal, appellate counsel was appointed to represent him.  Appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Wende*) in which she raises no issue for appeal and asks this court for an independent review of the record.  (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124 (*People v. Kelly*).)  In doing so, counsel identifies one point in the record relating to the award of credit for time served that " 'might arguably support the appeal.' (*Anders v. California* [(1967) 386 U.S. 738,] 744.)"  Specifically, counsel describes the possible legal issue as follows:  "Did the trial court err in refusing to apply

1

credits for time served from the time of [appellant's] arrest in this case, where at the parole hearing, he reserved the right to contest the parole violation following his trial in this case? (Penal Code section 2900.5.)" Counsel attests that appellant was advised of his right to file a supplemental brief in a timely manner, but he declined to exercise such right.

Mindful that our review is limited to grounds for appeal occurring after entry of the plea (Cal. Rules of Court, rule 8.304(b)(5)), we have examined the entire record in accordance with *People v. Wende*. For reasons set forth below, we agree with counsel that no arguable issue exists on appeal. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2012, a felony complaint was filed charging appellant with possession for sale of methamphetamine (Health & Safety Code, § 11378) (count one), and possession of methamphetamine (Health & Safety Code, § 11377, subd. (a)) (count two). The complaint also alleged that appellant had one prior serious felony conviction for which he had served a prior prison term (Pen. Code, § 1170.12, subds. (a)-(d); § 667, subd. (b); § 667.5, subd. (b).)

On July 26, 2012, a parole violation report was prepared charging appellant with ten violations, including possession, possession for sale, and use of methamphetamine; unauthorized possession of a knife with a blade exceeding two inches; possession of a deadly weapon; failure to follow instructions; and absconding parole supervision.

The felony complaint and parole violation report both arose from the same incident on July 21, 2012 in Clearlake. A police officer conducted a parole search of co-defendant Lori Manning's home after Manning, who was standing outside when the officer first noticed her, went inside when she noticed the officer. Appellant was found in Manning's bedroom. A records search by the officer subsequently revealed appellant had a parole hold for his arrest.

The search of Manning's house revealed the following: 25 grams of methamphetamine, eight syringes, two ecstasy tablets, a pocket knife, two glass smoking pipes, a pouch containing plastic baggies and a scale, pill bottles containing Soma and

2

Naproxen, pay sheets, and pill count sheets. Appellant admitted to the officer that the methamphetamine found in the house belonged to him, although he insisted he found it on the ground. Appellant was thereafter arrested and a hold was placed on him with respect to the alleged parole violations.

On July 31, 2012, appellant pleaded not guilty to all charges in the complaint and denied the allegations against him.

On August 6, 2012, a probable cause hearing was held on the charged parole violations, at which appellant waived appearance and, through his attorney, stipulated to probable cause on all charges for the limited purpose of that hearing. Without objection, the trial court then entered a disposition revoking appellant's parole and returning him to custody for 180 days. Appellant accepted the disposition and optionally waived his right to a full hearing on probable cause and revocation due to the charges pending against him in this case. In doing so, appellant expressly acknowledged his right to a later hearing if requested within 15 days of the end of the local criminal proceedings.

Meanwhile, in these proceedings, on August 13, 2012, appellant entered a no contest plea to count two, possession of methamphetamine, and admitted having served a prior prison term.[1] Upon entering the plea, appellant voluntarily waived certain fundamental constitutional rights, including his right to a trial by jury, to confront and cross-examine witnesses, and to not incriminate himself. The trial court dismissed count one, denied probation, and sentenced appellant to the upper term of three years on count two, with one additional year for the enhancement, for a total prison term of four years. The trial court awarded appellant a total of 192 days of credit, including 96 days for time served (Pen. Code, § 2900.5) and 96 days of conduct credit (Pen. Code, § 4019). It does not appear anywhere in the record that appellant thereafter exercised his right within 15 days to request a full hearing in his parole violation case, or that he presented a claim of error to the trial court in this case regarding the award of custody credits. However, on January 23, 2013, appellant filed a notice of appeal in this case.

---

[1] Counsel stipulated to the factual basis for the plea.

3

## DISCUSSION

As mentioned above, neither appointed counsel nor appellant has identified any actual issue for our review but for a passing reference to the trial court's award of credit for time served, which counsel states "might arguably support the appeal." Upon our own independent review of the entire record, we agree no actual issue exists. (*People v. Wende, supra,* 25 Cal.3d 436; *Anders v. California, supra*, 386 U.S. at p. 744.) Appellant, represented by competent counsel, received a total prison term of four years, including the upper three-year term for the criminal count and one year for the prior prison term admission, with 96 days of credit for time served and 96 days of conduct credit. This sentence was lawfully imposed following acceptance of appellant's valid plea agreement. (Cal. Rules of Court, rules 4.414, 4.420, 4.421 and 4.423; Pen. Code, §§ 1016-1018, § 1192.5.)

First, with respect to imposition of the upper term, the trial court properly relied on undisputed facts set forth in the probation report, including the fact that "the only circumstance in mitigation is that he voluntarily acknowledged wrongdoing at an early stage of the process. . . . But in aggravation he has engaged in violent conduct indicating a serious danger to society. Prior convictions as an adult and sustained petitions as a juvenile are numerous, He's served a prior prison term. He was on parole when this crime occurred." As such, the trial court's decision was justified. (Cal. Rules of Court, rules 4.414, 4.420, 4.421 and 4.423.)

Second, with respect to the award of 96 days of credit for time served pursuant to Penal Code section 2900.5 (section 2900.5), the trial court initially noted this case is "a half-time credit case." Consistent with the trial court's comment, section 2900.5, subdivision (b) provides in relevant part that, "credit shall be given only where the custody to be credited is attributable to proceedings *related to the same conduct for which the defendant has been convicted.*" (Italics added.) Here, applying this statutory rule to limit appellant to 96 days of credit for time served, the trial court then explained that, with respect to the parole violation matter, "the 180 days that [appellant] got from CDC was based on [the separate grounds of] failure to follow instructions on three different

4

bases.  Failure to participate or complete a batterer's treatment program; absconding from parole supervision; possession of a deadly weapon; unauthorized possession of a knife with a blade more than two inches; use of amphetamine or methamphetamine; possession of amphetamine or methamphetamine and a second time again subsequent to that.  So those were the reasons. [¶] Now here, in this case, he's only charged with [Health & Safety Code section] 11377."

We accept the trial court's decision and reasoning on appeal.  Most significantly, appellant at no time filed a motion in the trial court raising the credit issue and requesting correction of the judgment, thereby forfeiting his right to appeal.  (*People v. Fares* (1993) 16 Cal.App.4th 954, 958 [" 'If a dispute arises as to the correct calculation of credit days, such should be presented on noticed motion 'for resolution to the court which imposed the sentence and which has ready access to the information necessary to resolve the dispute.' (*People v. Hyde* (1975) 49 Cal.App.3d 97, 102"].)  In any event, in reviewing the record ourselves, we have found, and appellant has pointed to, no evidence that he served any additional time in custody attributable to these proceedings, rather than to the distinct parole violation proceedings, within the meaning of section 2900.5, subdivision (b).  Moreover, while he may have initially reserved the right to contest the parole violation charges, there is no evidence that he subsequently exercised this right by requesting a full hearing "within 15 days of the end of local proceedings," thereby implicitly acquiescing to the disposition of 180 days in custody for those violations.  (Cal. Code of Reg., tit. 15, § 2641, subd. (b).)

As stated above, appellant was also informed of his right to file a supplemental brief in this appeal, but he declined to do so.  As such, given our conclusion following independent review of the record that there is no evidence appellant adequately raised the credit issue before the trial court, or otherwise demonstrated he was in custody for more than 96 days for conduct attributable to the sentence in this matter, there is no basis for overturning the trial court's decision.  (*People v. Brown* (1980) 107 Cal.App.3d 858, 864-865 ["[I]f the custody has been caused in whole (the usual case) or  part (the dual basis situation) by the proceeding at issue, then the custody is attributable to the sentence

5

resulting from the proceeding. Where, as here, there is no factual showing that defendant was held in custody on the proceedings at issue, then there is no entitlement to credit"]; *People v. Stump* (2009) 173 Cal.App.4th 1264, 1272-1273 [to prove trial court error in denying section 2900.5 presentence credit for days served in parole revocation custody, defendant must establish that "but for" the crime being considered, he would not have been in custody for the identified period of time]; *People v. Gisbert* (2012) 205 Cal.App.4th 277, 281 [defendant is not entitled to duplicative credit against the current sentence where "he has failed to demonstrate that but for the cocaine possession leading to his current sentence, he would have been free, or at least bailable, during that presentence period"].)

Thus, having ensured appellant has received adequate and effective appellate review, we affirm the trial court's judgment. (*People v. Kelly, supra*, 40 Cal.4th at pp. 112-113.)

## DISPOSITION

The judgment is affirmed.


_____
Jenkins, J.


We concur:


_____
Pollak, Acting P. J.


_____
Siggins, J.

6