[Crim. No. 44235. Second Dist., Div. Six. Mar. 7, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER WILLIAM ROSS III, Defendant and Appellant.

**COUNSEL**

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Richard Lennon, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gary H. Hahn and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ABBE, J.**—Appeal from a judgment entered following revocation of probation and imposition of state prison term.

At issue in this case is whether Penal Code section 2900.5[1] entitles appellant to credit towards his felony sentence for all days spent in custody on two misdemeanor convictions which were the basis of his felony probation revocation. We hold it does not.

On June 8, 1982, appellant entered a plea of nolo contendere to battery resulting in the infliction of great bodily injury. (Pen. Code, §§ 242, 243, subd. (d).) Imposition of sentence was suspended and appellant was placed on probation for 36 months on the conditions, inter alia, that he not violate any laws and that he spend the first 270 days of the probationary period in county jail with presentence custody credit.

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

Appellant completed this jail sentence and was released. Later he was arrested on two misdemeanor offenses for which he received jail sentences. After these sentences were imposed, a notice of revocation of probation was filed, alleging the misdemeanor offenses constituted a violation of appellant's probation. Appellant's probation was revoked and he was committed to the county jail. He was then sentenced to prison for the middle term of three years.

■ Appellant claims he is entitled to custody credit on his felony sentence for the time spent in jail for the misdemeanor offenses before his probation was revoked. We disagree.

Appellate court decisions are in conflict whether section 2900.5 requires the time spent in custody on one offense be credited toward the sentence on a different offense if the offense for which custody time was spent caused a revocation of probation and imposition of a term for imprisonment in the offense on which credit is claimed. Illustrative of this conflict are *People* v. *Brown* (1980) 107 Cal.App.3d 858 [166 Cal.Rptr. 144] (hereafter referred to as *Brown*) which denies credit and *People* v. *Veley* (1984) 157 Cal.App.3d 1046 [204 Cal.Rptr. 83] (hereafter referred to as *Veley*) which grants credit. Based on settled principles of stare decisis and statutory construction we rule in accordance with *Brown, supra,* and deny appellant's claim for credit.

Whether section 2900.5 requires credit to be awarded in any given situation is one of statutory construction. That section, to the extent relevant here, provides: "(a) In all felony and misdemeanor convictions, . . . when the defendant has been in custody, . . . all days of custody of the defendant, . . . shall be credited upon his term of imprisonment . . . . [¶] (b) For the purposes of this section, credit shall be given *only where* the custody to be credited is *attributable to proceedings related to the same conduct for which the defendant has been convicted.* Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." (Italics added.)

The Supreme Court has at least thrice held the pertinent language of the statute to be clear and unambiguous. (See, e.g., *People* v. *Riolo* (1983) 33 Cal.3d 223, 230 [188 Cal.Rptr. 371, 655 P.2d 723], construing subd. (a); and *In re Atiles* (1983) 33 Cal.3d 805, 812 [191 Cal.Rptr. 452, 662 P.2d 910] and *In re Rojas* (1979) 23 Cal.3d 152, 155 [151 Cal.Rptr. 649, 588 P.2d 789], construing subd. (b).)

■ The determination a statute is clear and unambiguous by the highest court in the state requires that its provisions be applied according to its

terms without further judicial construction. *(In re Atiles, supra,* 33 Cal.3d 805, 812; *Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 156 [118 Cal.Rptr. 14, 529 P.2d 46].) By its own terms section 2900.5, subdivision (b) precludes the credit appellant here seeks.

The conduct for which a person "has been convicted" and upon which sentence is imposed in a probation violation case is the criminal conduct for which probation had been ordered. It is not the same conduct which resulted in later misdemeanor convictions. Neither the original conviction nor the length of sentence thereon is in any way dependent upon the misdemeanor conduct. The determination of the length of the sentence upon violation of probation must be based on circumstances existing at the time probation was granted. It may not be based on the subsequent misdemeanor offense conduct. (Cal. Rules of Court, rule 435(b)(1); also see § 1203.2.) The conduct for which appellant was convicted and upon which the term of imprisonment was imposed here was the battery causing great bodily injury. (Cf., *In re Ricky H.* (1981) 30 Cal.3d 176, 184-185 [178 Cal.Rptr. 324, 636 P.2d 13].)

Appellant attempts to avoid the holding of *In re Atiles, supra,* 33 Cal.3d 805 and bases his credit claim on the effect of its holding and on dictum contained in the opinion. In *Atiles* the effect of the literal application of section 2900.5 was that Atiles received credit for one single period of custody on two periods of imprisonment which were imposed as a result of the same conduct. However, credit in *Atiles* was not given because the same conduct caused the imposition of two periods of imprisonment.[2] Rather, dual credit was given because Atiles suffered a dual restraint on his liberty during the period for which credit was claimed.

In *Atiles* the appellant was held in custody pending posting of bail on the offense for which he was ultimately convicted and ordered to serve a term of imprisonment and because of a parole hold placed on him for the same conduct. He sought credit for this period of custody on the term imposed. The trial court denied credit because during this custody period Atiles could not have secured his release on bail on the new charges because of the parole

---

[2]To the extent dual credit was given to Atiles because the same conduct resulted in both a new conviction and commitment and a recommitment on parole revocation, that result is dictated by section 3057 subdivision (a), not section 2900.5. Section 3057 subdivision (a) limits parole revocation commitments by necessary implication to conduct which does not also result in a new conviction and commitment. Therefore, any time in custody on a recommitment on a parole revocation for conduct which subsequently also results in a new conviction and commitment must be credited on the new sentence. There is no similar limitation on custodial commitments for probation revocations. Under section 2900.5 Atiles would have been entitled to the credit he received on his new sentence even if the parole hold and revocation had been based on unrelated conduct if the restraints related thereto occurred during his custody in lieu of bail on the new charges.

hold and parole revocation commitment. The Supreme Court held Atiles was entitled to the credit under section 2900.5 even though during the presentence custody he could not obtain his freedom because of his parole having been revoked.

Here, credit is claimed even though appellant suffered no dual restraint on his liberty during the period for which credit is claimed. During that period the only restraint on appellant's liberty was based solely on the misdemeanor charges. He was not placed in custody for violation of probation with or without bail during a portion of the period. He did receive credit for the time following commitment without bail after formal revocation of probation. He is entitled to no more.

Appellant is in a position similar to the petitioner in *In re Rojas, supra,* 23 Cal.3d 152. Rojas was serving a term in state prison when new charges were filed against him. He was transferred from state prison to the county jail, apparently pursuant to section 2620, to stand trial on the new charges. After being convicted of the new charges, he claimed section 2900.5 credit on the new term imposed for the time spent in county jail awaiting trial and sentencing. His claim was denied. Since no additional restraint (in lieu of bail or otherwise) was imposed upon him as a result of the new charges, the literal language of section 2900.5 precluded custody credit. There, as here, credit was claimed for a custody period which was not attributable to proceedings for conduct resulting in the conviction upon which the term of imprisonment was imposed. Here appellant's probation status had no effect on his liberty while he was held in custody prior to and after conviction on the misdemeanors until he was ordered into custody on the revocation proceedings.

Contrary to the language of section 2900.5, the *Veley* line of cases grant credit for time in custody which is *not* "attributable to proceedings related to the same conduct for which a defendant has been convicted." In effect these cases modify the pertinent portion of the statute which states, "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted" by adding by implication "or for which the defendant's probation has been revoked." Earlier judicial attempts to modify the statute by construction have been specifically disapproved by the Supreme Court. (See *In re Rojas, supra,* 23 Cal.3d at p. 157, disapproving the reasoning of *In re Bentley* (1974) 43 Cal.App.3d 988 [118 Cal.Rptr. 452], and the reasoning and result in *In re Pollock* (1978) 80 Cal.App.3d 779 [145 Cal.Rptr. 833].)

This extension or modification of the statute in the *Veley* line of cases is contrary both to the holding in *Brown, supra,* 107 Cal.App.3d 858, which

has twice been cited with approval by the Supreme Court (see *In re Atiles, supra,* 33 Cal.3d 805, 811, fn. 6; *In re Ricky H., supra,* 30 Cal.3d 176, 185, fn. 8) as well as the holding in *Atiles* that section 2900.5 is unambiguous and is to be applied according to its terms without further judicial construction.

*Veley* relies on dictum in the *Atiles* opinion to justify granting credit other than on the literal language of the statute. At page 812 of the *Atiles* opinion the court stated that even had the statute been found ambiguous, well settled principles of statutory construction would require the same result because it effectuated one of the legislative purposes of the statute which was to equalize the time served in custody for given offenses. As *Atiles* decided the statute was not ambiguous, the entire discussion was unnecessary to the holding.[3]

The *Atiles* opinion went on to posit by way of dictum various hypothetical settings where unequal treatment could result from a denial of credit on multiple concurrent terms.[4] None of those hypotheticals involved probation violations based on new criminal offenses. Another dictum in the *Atiles* opinion at page 813 of 33 Cal.3d noted that under some circumstances "[t]he length of imprisonment would depend upon the fortuitous charging decision of a prosecutor . . . ." if 2900.5 were construed to prohibit dual credit when concurrent terms are imposed. The *Veley* court rationalized its grant of credit relying on these dictum. It reasoned that had the probation violation been charged earlier the defendant might have received concurrent sentences and dual credit.

Even if we were not bound by Supreme Court rulings dictating a contrary result, we could not agree with either the ruling or the reasoning of the *Veley* court. First, any charging decision could only be said to be "fortuitous" once all of the information necessary to determine whom to charge

---

[3]Assuming arguendo the *Atiles* court impliedly established a denial of section 2900.5 credit must comply with both the literal terms and the legislative purpose of the statute, the denial here does. It assures the actual time in custody for the felony will not be reduced by time in custody on an unrelated offense. A grant of credit would result in appellant spending less time in custody than a similarly sentenced defendant who also spent no prerevocation time in custody and was found to have violated a condition of probation other than an obey-all-laws condition.

[4]Each of the stated hypotheticals could result in unequal treatment only if the hypothetical defendant is being held in custody on each of the multiple offenses for which multiple concurrent terms are imposed. Even then the terms may not be "truly concurrent," i.e., actually start on the same day. This "inequity" arises from section 669 not section 2900.5. Section 669 allows a subsequently executed sentence to be run concurrent to an earlier imposed term only to the extent the earlier imposed sentence has not been completed at the time the subsequent sentence is commenced. (See *In re Atiles, supra,* 33 Cal.3d 805, 813; *In re Roberts* (1953) 40 Cal.2d 745, 749 [255 P.2d 782].)

for what offense is in the possession of the charging authority. ██ ██
██ Nothing in this record nor that disclosed by the *Veley* opinion indicates any charging authority knew either appellant had violated their probation terms prior to setting the probation violation hearing.[5]

Secondly, the effect of the *Veley* decision is to mandate wholly concurrent terms. The determination of what sentence is appropriate in any given case should be left to the discretion of the trial court authorized to pronounce sentence. Under section 669 trial court discretion extends to determining whether two or more sentences imposed on a defendant shall run consecutively or concurrently. Nothing in section 2900.5 or its legislative purpose indicates it was intended to limit judicial sentencing discretion under section 669.

Further, the result of the construction of the statute by the *Veley* court substitutes the appellate court for the trial court in determining what is an appropriate sentence. Whether the conduct of the accused in committing multiple criminal offenses warrants a concurrent or consecutive sentence is best left to sentencing judges who have the accused before them.

Finally the *Veley* decision renders the statutorily mandated obey-all-laws condition of probation (§ 1203.2) useless as a deterrent to further criminal conduct and unduly complicates what should be the simple process of calculating to what actual credit, if any, a defendant is entitled under section 2900.5. One of the primary objectives in sentencing is to encourage the defendant to lead a law-abiding life in the future and to deter him from future criminal conduct. (Cal. Rules of Court, rule 410(c).) A decision to grant probation is largely based on the assumption that incarceration is unnecessary to deter future criminal conduct. The obey-all-laws condition of probation furthers this purpose by assuring the defendant's freedom from custody on the offense for which he was convicted and placed on probation may terminate upon future criminality and result in incarceration for the period prescribed for that offense. To give credit for the restraint based

---

[5]Penal Code section 1203.2a is designed to prevent a defendant on probation in one case from being advertently or inadvertently denied a discretionary concurrent sentence under section 669 because of the timing of probation violation charging decisions. (*In re White* (1969) 1 Cal.3d 207 [81 Cal.Rptr. 780, 460 P.2d 980].) It permits a felony probationer sentenced to state prison on another felony offense to demand imposition of sentence on the probation offense. Unlike section 669 it requires the sentence on the probation offense be made wholly concurrent to the date of commencement of the earlier sentence unless the sentences are ordered to be consecutive. Since misdemeanor probationers are similarly situated to felony probationers for the legitimate purposes of this statute, the equal protection considerations underlying the decision in *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874] would seemingly require the benefit of its application to misdemeanor probationers as well. (Cf. *Hayes* v. *Superior Court* (1971) 6 Cal.3d 216 [98 Cal.Rptr. 449, 490 P.2d 1137].) Appellant made no demand pursuant to this section.

solely on the new criminal offense assures a defendant that resort to future criminality will reduce the period of custody which may be actually served on the probation offense. As pointed out by Justice Mosk in the dissent in *Atiles,* 33 Cal.3d at page 814, it is doubtful, ". . . the Legislature intended to bestow a special benefit on recidivists."

Further, the fact finding process under section 2900.5 as literally construed is relatively simple. Any time a term of imprisonment is being imposed the section requires the sentencing court to determine what credit, if any, is to be applied to the term imposed. This requires the court to determine only whether the defendant has been held in custody for the offense for which the imprisonment is imposed. This may be done by resort to the records in the case.

If the defendant was not in custody for the conduct for which the term is being imposed, e.g., he was released on bail or on own recognizance status pending conviction and served no time as a condition of probation, no credit can be given. The mere fact a defendant may have been in custody to the date of imposition of sentence does not entitle him to credit on this term if the custody was based solely on other charges or sentences. (*In re Rojas, supra,* 23 Cal.3d 152; *In re Ricky H., supra,* 30 Cal.3d 176.)

If he was in custody on the offense for which he is being sentenced, e.g., following his arrest, in lieu of bail pending trial or sentence or had served a jail term as a condition of probation, the total number of days he was in such custody must be credited to the sentence if it is the only term of imprisonment being served by the defendant or if it is ordered to be concurrent to any earlier imposed uncompleted term. In this instance it is irrelevant whether during some part or all of the period the defendant was also in custody for some other conduct for which he has received or may receive credit for the period.

If the term presently imposed is ordered to be served consecutive to any other earlier imposed uncompleted term of imprisonment, then other calculations must be made. The sentencing court then subtracts from the time spent in custody on the instant offense any time in custody during that same period which was also spent in custody on the offense for which the earlier term was imposed and on which credit was given for that same period. This will be shown on the record of the earlier sentence.

The effect of the *Veley* decision would require that other court records be obtained to determine what time, if any, was spent in custody on other offenses prior to and after sentence was imposed therein. Not only is this result unwarranted, it contradicts Supreme Court decisions denying credit

under similar circumstances. (See *In re Ricky H., supra,* 30 Cal.3d 176; and *In re Rojas, supra,* 23 Cal.3d 152.)

■ The other issue in this case is whether constitutional principles of equal protection require that any conduct credit for county jail custody be calculated pursuant to the more liberal formula of section 2933 rather than under section 4019 as provided in section 2900.5. Appellant contends he is entitled to state prison worktime for his time in custody in county jail. Appellant claims the distinctions in the total amount of enhanced credit, i.e., credit for more days than actually spent in custody, which are made between persons incarcerated in county jail under the formula set forth in section 4019 and those state prisoners subject to section 2933, denies him equal protection of the law. Appellant concedes that this issue has been resolved against him. (See, e.g., *People* v. *Caruso* (1984) 161 Cal.App.3d 13 [207 Cal.Rptr. 221].) He attempts to avoid that holding on the basis that certain regulations[6] would appear to grant the more liberal credit of section 2933[7] to some state prisoners who do not earn it. Whatever effect the application of these regulations to state prison inmates may have on the constitutional validity of the discrepancies between state prison enhanced credits under sections 2931 and 2933, the regulations and their effect on those persons may not be raised by appellant here. Those regulations only apply to persons who have actually commenced serving a state prison term. (*People* v. *Sage, supra,* 26 Cal.3d 498, 504-506 and § 2900, subd. (a).) Appellant was not denied equal protection by limiting his enhanced credit for pre- and postsentence time in custody in county jail pursuant to section 4019.

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 16, 1985.

---

[6]See California Administrative Code, title 15, sections 3040-3045, 3315, 3323 and 3327.

[7]The credits which may be earned are more liberal only to the extent the total credits which may be earned are greater, i.e., section 2933 allows one day's earned credit for each day in custody (double time) where sections 4019 and 2931 allow a total of one day's earned credit for each two days in custody (time and a half). Sections 4019 and 2931 are more liberal in the manner in which credit may be earned (i.e., permit credit to be earned simply by forbearance from misconduct). Section 2933 gives no credit for good conduct and section 2932 penalizes misconduct.