[No. D002185. Fourth Dist., Div. One. June 24, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
TONY DAVIS, Defendant and Appellant.

**COUNSEL**

Douglas W. Grinnell, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Janelle B. Davis, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**WIENER, Acting P. J.**—In March 1981 Tony Davis was convicted of stealing a credit card in case CR 52773. The court placed him on five years probation subject to his serving three hundred days in jail. In October 1982 Davis was convicted of shoplifting in another case, CR 59674. The court

again placed him on probation subject to his serving 200 days in jail. On July 5, 1984, Davis was arrested for having used or been under the influence of controlled substances. In the ensuing investigation his probation officer discovered Davis had been convicted of four misdemeanors in March and April 1983 for which Davis served a total of one hundred thirty-five days as conditions of misdemeanor probation. On August 6, 1984, the court revoked Davis' probation in both CR 52773 and CR 59674 because of his misdemeanor convictions and sentenced him to prison. He was given credit for the time served as probation conditions in both felony cases but was not given credit for the 135 days spent on the misdemeanors. Davis appeals. His principal argument is that he is entitled to 135 days credit under Penal Code section 2900.5 as interpreted in *In re Atiles* (1983) 33 Cal.3d 805 [191 Cal.Rptr. 452, 662 P.2d 910] and in *People* v. *Veley* (1984) 157 Cal.App.3d 1046 [204 Cal.Rptr. 83]. We reject his argument and affirm the judgment.

I

Penal Code section 2900.5 provides in relevant part: "(a) In all felony and misdemeanor convictions, . . . when the defendant has been in custody, including . . . time spent in a jail, . . . all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, . . . shall be credited upon his term of imprisonment . . . .

"(b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."

Subdivision (b), of particular relevance here, was explained in *In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789] and in *In re Atiles, supra,* 33 Cal.3d 805.

In *Rojas, supra,* 23 Cal.3d 152, after having been convicted and sentenced to prison for manslaughter, the defendant was charged with an unrelated murder and transferred to Los Angeles County jail to await trial. Following his conviction on the second offense Rojas argued he was entitled to credit under Penal Code section 2900.5 for the presentence period in county jail. The court rejected his argument reasoning he would have been in prison on the original manslaughter conviction anyway and consequently the period of custody for which he was seeking credit could not affect his liberty. (*Rojas,* at pp. 156-157.)

Atiles was more successful. He was the beneficiary of the concept of "dual credits." *Atiles* held a parolee whose parole is revoked because of a new criminal offense may receive credit on that offense for the presentence custody period served for violating parole. Penal Code section 2900.5, subdivision (b) requires granting "dual credits" when the conduct which led to Atiles' parole revocation also formed the basis for his arrest and conviction on the new criminal charge. The *Atiles* court explained that under such circumstances the defendant's custody on the parole revocation is "literally, 'attributable to proceedings related to the same conduct for which the defendant has been convicted.'" (*Atiles, supra,* 33 Cal.3d at pp. 809-810.)

■ Davis argues the rationale of *Atiles* applies to his case. He says that he should receive credit under section 2900.5 for the time he spent in custody on his earlier misdemeanor convictions. A similar argument was successfully made in *People* v. *Veley, supra,* 157 Cal.App.3d 1046. There the court allowed dual credits on the theory the earlier time in custody on unrelated charges was "reasonably related" to the later prison incarceration because "but for" such later conduct, the defendant's probation would have remained intact. (*Veley,* at pp. 1049-1050.) The court reasoned that even though the conduct causing Veley's earlier jail terms was unrelated to his later criminal acts, those acts became related when they resulted in his probation being revoked and, consequently, dual credits were proper. (*Ibid.*) We disagree with *Veley* preferring the reasoning of *People* v. *Ross* (1985) 165 Cal.App.3d 368 [211 Cal.Rptr. 595] which held to the contrary. *Ross* correctly says *Veley* ignored the statute by giving credit for custodial time *not* "attributable to proceedings related to the same conduct for which the defendant has been convicted." We endorse the *Ross* view believing there is no reason to rewrite Penal Code section 2900.5 for the sole purpose of granting dual credits when only single credits are statutorily permitted.

We also note that *Ross* is consistent with *People* v. *Brown* (1980) 107 Cal.App.3d 858 [166 Cal.Rptr. 144] cited with approval by the California Supreme Court in both *Atiles, supra,* 33 Cal.3d at p. 811, footnote 6 and in *In re Ricky H.* (1981) 30 Cal.3d. 176, 185, footnote 8 [178 Cal.Rptr. 324, 636 P.2d 13].

■ Our conclusion is supported further by the factual differences in this case compared to *Veley* and *Ross.* In the latter cases the defendants were arrested, charged and *convicted* of post-probation criminal conduct, the same conduct used to *revoke* their probation. Consequently in both *Veley* and *Ross* the defendants were at risk that prosecutorial inaction would deny them allowable dual credits. In other words, the prosecutor could elect to

postpone probation revocation proceedings until after the defendants completed their misdemeanor jail sentences. *Veley* expressed this concern by saying unless it granted credit "a defendant could be jailed pending a misdemeanor trial, await trial for many days, and then before the trial undergo a belated probation revocation hearing resulting in the prison sentence. The prosecutor could then drop the misdemeanor charge, with no credit for the jail time even though the misdemeanor facts became the only basis for the probation revocation." (*Veley, supra,* at p. 1051.)

A comparable event is impossible on the facts of the case before us. The act which precipitated the investigation of Davis' status on probation was his arrest in July 1984 for being under the influence of a controlled substance. At that time he had already been released from custody on the four misdemeanor convictions. There is no hint on this record that Davis' probation officer either knew about the earlier misdemeanors or delayed revoking probation to avoid granting Davis dual credits. Having served his time for the misdemeanor offenses for conduct unrelated to the earlier felony counts Davis cannot now receive the benefit of what in effect would be retroactive credits.

We are intrigued by Davis' creativity. If we were to agree with him we would participate in the founding of a new type of bank—a "credit bank" to be used by criminals at appropriate times for deposits or withdrawals of credits against custodial time to be served for crimes not yet committed. With appropriate kudos for imagination we decline to add this twist to the new math of determinate sentencing.

## II

Davis correctly says the court erred in its dual use of the prior prison term he served for an earlier robbery to enhance his earlier misdemeanor of petty theft into a felony plus using it to enhance the base term of his prison sentence.

Davis, however, suffered numerous convictions and arrests for various offenses after his initial conviction and grant of probation in CR 52773. With his long history of convictions and failure to remain law-abiding while on probation the court's imposition of the three-year upper-term in CR 52773 was not an abuse of discretion. Since we believe a different result upon remand is not reasonably probable, we treat the error as harmless. (*People* v. *Avalos* (1984) 37 Cal.3d 216, 232-233 [207 Cal.Rptr. 549, 689 P.2d 121].)

## Disposition

Judgment affirmed.

Lewis, J., and Adams, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied September 19, 1985.

---

*Assigned by the Chairperson of the Judicial Council.