[No. E002896. Fourth Dist., Div. Two. Nov. 17, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
ROOSEVELT BLUNT, Defendant and Appellant.

COUNSEL

Robert F. Howell, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**RICKLES, J.**—The issues presented by this appeal concern the determination of presentence custody credits.

· Defendant Roosevelt Blunt entered a plea of guilty to one count of maintaining a place for sale or use of a controlled substance (Health & Saf. Code, § 11366). Imposition of sentence was suspended and probation was granted for a period of three years. Approximately one year later defendant's probation was revoked following his conviction for two drug-related offenses in Los Angeles County. Defendant was sentenced to state prison for a term of two years, with presentence credit of 128 days (85 actual + 43 conduct). Defendant has appealed from the judgment.

On appeal defendant contends that the court below erred (1) in failing to award presentence credit for time in custody in Los Angeles County, (2) in failing to make an independent determination of presentence credits, and (3) in failing to make express findings setting forth the relevant custody dates.

FACTS

Defendant was arrested for the instant offense on November 1, 1983, and released on his own recognizance on November 3, 1983. He entered a plea of guilty to the charge and on April 16, 1984, the court withheld imposition of sentence and placed defendant on probation for a period of three years. Defendant was required to serve a jail term as a condition of probation. He was in custody on this term from April 30, 1984, to May 16, 1984.

Defendant was arrested in Los Angeles on February 4, 1985, and charged with being under the influence of a drug (Pen. Code, § 647, subd. (f)). He entered a plea of guilty to the misdemeanor charge (case No. P034575) and was given 12 months of summary probation.

On May 15, 1985, a petition was filed in the present case to revoke defendant's probation. The petition cited defendant's misdemeanor conviction in Los Angeles as well as other alleged violations of the probation conditions. Defendant's probation was ordered revoked, subject to later hearing, but no warrant was issued.

On July 2, 1985, in Los Angeles County, defendant entered a plea of guilty to one count of possession of cocaine (case No. A809797).

On July 29, 1985, a supplemental petition to revoke probation was filed in the present action, alleging the new Los Angeles felony conviction. Probation was again ordered revoked without issuance of a warrant.

The sentencing hearing for the Los Angeles felony was held on August 15, 1985. Imposition of sentence was withheld and defendant was placed on probation for a period of three years. The conditions of probation included a jail term of 270 days.

On August 19, 1985, defendant failed to appear for a hearing on the probation revocation charges, with the minute order noting that defendant was in custody in Los Angeles. A bench warrant was issued and bail was set.

The district attorney's office in San Bernardino County received a letter from defendant on August 28, 1985, requesting a hearing in the present case under the terms of Penal Code section 1381.

Defendant was arrested on the bench warrant on October 7 and the *Vickers* hearing was held on October 10. Defendant was found to have violated the conditions of his probation and probation was ordered to remain revoked.

The sentencing hearing was held on December 9, 1985. The probation officer had submitted a report dated November 4 in which he had calculated defendant's presentence credits at 74 days (49 actual + 25 conduct), based on defendant's actual custody from November 1 to November 3, 1983 (3 days), April 30 to May 16, 1984 (17 days), and October 7 to November 4, 1985 (29 days).

After sentencing defendant to state prison for a term of two years, the court stated: "I show with credit for time served a matter of 74 days."

"That's incorrect, your Honor," said the probation officer. "The total credit should be 128 days, which I calculate as 85 actual days and 43 conduct days, total."

The court stated: "All right. Credit for 128 days, total, 85 actual, 43 good time/work time."

The quoted remarks were the only references to presentence credits made during the hearing. Defendant did not challenge the computation or the facts on which it was based.

I

Relying on the Fifth District's decision in *People* v. *Veley* (1984) 157 Cal.App.3d 1046 [204 Cal.Rptr. 83], defendant contends he should receive credit against his state prison sentence in the present case for the time he spent in custody in Los Angeles on the misdemeanor and felony charges which resulted in the revocation of his probation. As the record does not show the dates of his Los Angeles custody, he urges us to remand the matter to the trial court for the appropriate factual determinations.

Relying on the decisions in *People* v. *Davis* (1985) 169 Cal.App.3d 614 [215 Cal.Rptr. 385] (Fourth Dist., Div. One) and *People* v. *Ross* (1985) 165 Cal.App.3d 368 [211 Cal.Rptr. 595] (Second Dist., Div. Six), the Attorney General urges us to uphold the trial court's calculation because defendant was not subject to any restraint from this proceeding while in custody in Los Angeles and because the sentence imposed after revocation of probation was for the original offense and not for the later offenses which triggered the revocation.

Resolution of this issue depends on interpretation of Penal Code section 2900.5, which provides: "(a) In all felony and misdemeanor convictions . . . when the defendant has been in custody, including . . . any time spent in a jail . . . all days of custody of the defendant, including days served as a condition of probation in compliance with a court order . . . shall be credited upon his term of imprisonment . . . . [¶] (b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."

These provisions were applied to facts very similar to the present case in *People* v. *Brown* (1980) 107 Cal.App.3d 858 [166 Cal.Rptr. 144] (Fourth Dist., Div. Two). There, as here, the defendant was on probation from San Bernardino County when he was arrested, convicted, and placed on probation in Los Angeles County for charges which were then used to revoke the San Bernardino probation. Unlike the present case, at the sentencing in San Bernardino Brown's attorney had claimed that a hold from San Bernardino had prevented the defendant from making bail. However, no evidence was introduced to substantiate this allegation. No credits were allowed for the Los Angeles custody time and on appeal this decision was upheld.

The reasoning in *Brown* need not be discussed here. The significance of the case derives from our Supreme Court's reference to it in *In re Atiles* (1983) 33 Cal.3d 805 [191 Cal.Rptr. 452, 662 P.2d 910].

In *Atiles,* the defendant was on parole following a robbery conviction when he was arrested and charged with another robbery. While the defendant was awaiting trial on the new charge his parole was revoked and he was returned to custody for a six-month period. Defendant was convicted of the new robbery charge and was sentenced to state prison. On these facts, our Supreme Court held that the defendant was entitled to credit against the new sentence for the six-month parole revocation term.

Explaining its conclusion, the court stated: "In determining whether custody for which credit is sought under section 2900.5 is 'attributable to proceedings leading to the conviction,' the sentencing court is not required to eliminate all other possible bases for the defendant's presentence incarceration. The court need only determine that the defendant was not already serving a term for an unrelated offense when restraints related to the new charge were imposed on him, and the conduct related to the new charge is a basis for those restraints. Nothing in the language of section 2900.5 suggests that the Legislature intended to permit a sentencing court or this court to speculate, as suggested by respondent, that a defendant whose parole has been revoked while he awaits trial on new charges would have been ordered confined by the board on the basis of charges other than those leading to conviction." (*In re Atiles, supra,* 33 Cal.3d at pp. 810-811, fn. omitted.)

The court continued: "We are satisfied that the Legislature intended that 'custody . . . attributable to proceedings related to the same conduct for which the defendant has been convicted' include time in presentence custody during which a restraint or restraints related to that conduct made it impossible for the defendant to obtain his freedom, regardless of whether the defendant was also subject to other restraints on his liberty. Our conclusion is based on the literal language of subdivision (b) of section 2900.5, pursuant to the well-established principle of statutory interpretation that if no ambiguity, uncertainty, or doubt about the meaning of a statute appears, the provision is to be applied according to its terms without further judicial construction. [Citation.]" (*In re Atiles, supra,* 33 Cal.3d at p. 811.)

In a footnote to this paragraph, the court stated: "The cases relied on by respondent are consistent with this analysis. In *People* v. *Brown* [,*supra*,] 107 Cal.App.3d 858, the defendant, while on probation granted by the San Bernardino County Superior Court, was convicted of a new offense in Los Angeles County and served a jail term as a condition of probation granted on the new offense. Upon his release he was returned to San Bernardino County where his probation was revoked. He did not seek credit against the San Bernardino term for the period during which he served the probationary term in Los Angeles County. When he claimed on appeal that he was entitled to credit for this time under section 2900.5, the Court of Appeal properly

concluded that in the absence of evidence that the custody was related to the San Bernardino County proceedings the defendant was not entitled to credit. . . ." (*In re Atiles, supra,* 33 Cal.3d at p. 811, fn. 6.)

The "absence of evidence that the custody was related to the San Bernardino County proceedings" can only refer to the failure to prove the existence of a San Bernardino hold or other form of restraint originating from the San Bernardino proceeding and applied to the defendant while he was in custody in Los Angeles. ██ In the present case as well, there is an absence of evidence that defendant was under dual restraints during his Los Angeles custody. Under *Brown* as approved by *Atiles,* the absence of a San Bernardino restraint is fatal to defendant's claim to credit for the Los Angeles custody.

*People* v. *Veley, supra,* 157 Cal.App.3d 1046, the case on which defendant mainly relies, purports to follow and apply *Atiles* yet it fails to note *Atiles's* approval of *Brown,* which is completely inconsistent with the result reached in *Veley. Veley* has been expressly rejected by the two cases cited by the Attorney General—i.e., *People* v. *Ross, supra,* 165 Cal.App.3d 368, and *People* v. *Davis, supra,* 169 Cal.App.3d 614. We also decline to follow it.

The major flaw in the *Veley* analysis is its improper reliance on parole revocation cases. Where a new offense results both in parole revocation and a new conviction, the parole revocation and the new criminal prosecution are "proceedings related to the same conduct" under section 2900.5 and therefore custody pursuant to a restraint from either proceeding will justify credits against both terms. (See *In re Atiles, supra,* 33 Cal.3d at pp. 809-810.) This is due to the particular nature of the parole revocation term which for some purposes is not considered part of the sentence term for the original offense. (See *People* v. *Mathews* (1980) 102 Cal.App.3d 704, 712-713 [162 Cal.Rptr. 615].) For purposes of the prohibition against ex post facto laws, for example, the parole revocation term is considered to be imposed for the parole violation rather than for the original offense. (*In re Nolasco* (1986) 181 Cal.App.3d 39, 43 [226 Cal.Rptr. 65]; *In re LeDay* (1985) 177 Cal.App.3d 461, 464-465 [221 Cal.Rptr. 398].) Similarly, it is not unreasonable to view the term as being imposed for the new offense for purposes of determining credits.

A term imposed following revocation of probation, on the other hand, is imposed only for the original conviction offense and not the separate offense which caused probation to be revoked. Indeed, the seriousness of the new offense has no bearing at all on the length of the term. (See *People* v. *Ross, supra,* 165 Cal.App.3d at p. 372.) Thus the term following probation re-

vocation and the sentence term for the new offense are not attributable to the same conduct under section 2900.5 and therefore a restraint from one proceeding will justify credits only in that proceeding and not against a term imposed in the other proceeding. In other words, the terms are considered to have been imposed for unrelated offenses and therefore dual credits can be based only on dual restraints.[1]

## II

Defendant contends that the sentencing court was under an obligation to make an independent calculation of presentence credits and that it failed to discharge this obligation but instead merely accepted the calculation of the probation officer. Defendant also faults the court for failing to make express findings showing the relevant custody dates.

Subdivision (d) of section 2900.5 provides: "It shall be the duty of the court imposing the sentence to determine the date or dates of any admission to and release from custody prior to sentencing, and the total number of days to be credited pursuant to the provisions of this section. The total number of days to be credited shall be contained in the abstract of judgment provided for in section 1213."

The intent of this provision is to provide for determination of presentence credits at the time of sentencing, to assign the task of resolving factual and legal disputes to the sentencing court, and to insure an adequate record for appellate review and administrative application.

Here these purposes have all been satisfied. The probation officer's report set forth all the relevant custody dates. Because the hearing was continued to a later date, the calculation of the credits had to be adjusted by adding the extra days of custody up to and including the date of sentencing. The custody dates and the calculations based thereon were not disputed by the prosecution or by defendant.[2] As there was no dispute, the court accepted the probation officer's numbers after having read and considered the relevant

---

[1] Defendant suggests there may be a denial of equal protection if credits are granted when the sentence following probation revocation precedes sentencing on the new offense but denied when the order of events is reversed. As this issue has not been properly briefed by either party, we decline to address it.

[2] As evidence that the facts *were* disputed, defendant cites a statement he made at the. sentencing hearing to the effect that he had been in jail for 118 days. This statement was *not* made in the context of a claim for presentence credits, however, but as evidence that defendant had freed himself from drug dependency and in support of a request for a two-week stay of execution. The 118 days evidently included jail time in Los Angeles, for which no credit was claimed at the hearing and for which defendant was not in any event entitled to credit.

facts set forth in the report dated November 4, 1985. The transcript and the report together constitute an adequate basis for appellate review.

A failure to make express findings of custody dates is not prejudicial where, as here, the dates appear in the probation officer's report and were not disputed. Once the dates had been settled, determining the credits was simply a process of mathematical calculation. Whether the sentencing court did the math itself or relied on someone else is immaterial, the only material issue being the accuracy of the calculation.

Here the numbers given in the November 4 report were correct but a small error crept in when the credits were adjusted at the hearing on December 9. Defendant was in actual custody from November 1 to November 3 of 1983 (3 days), from April 30 to May 16 of 1984 (17 days), and from October 7 to December 9 of 1985 (64 days), for a total of 84 days of actual custody. With 42 days of conduct credits, defendant's total presentence credits should be 126 days.

The judgment is modified to provide that defendant receive presentence credits for 126 days, consisting of 84 days actual custody and 42 days conduct credits. The trial court is directed to prepare an amended abstract of judgment reflecting this modification and to forward a certified copy of the abstract to the Department of Corrections. As so modified, the judgment is affirmed.

Campbell, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied December 5, 1986, and appellant's petition for review by the Supreme Court was denied February 26, 1987.