Filed 10/13/15  P. v. Liberato CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B258476 |
| Plaintiff and Respondent, | (Los Angeles County<br>Super. Ct. No. BA369590) |
| v. | |
| SALOME LIBERATO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard S. Kemalyan, Judge.  Affirmed as modified with directions.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant, Salome Liberato, of second degree murder. (Pen. Code, § 187, subd. (a).) The jury further found defendant personally used a dangerous and deadly weapon, a wrench, in the commission of the offense. (Former Pen. Code, § 12022, subd. (b)(1); Stats. 2004, ch. 494, § 3, eff. Jan. 1, 2005-Sept. 30, 2011.) Defendant was sentenced to 16 years to life in state prison. He was ordered to pay $5,924.38 in restitution to the victim compensation fund. (Pen. Code, § 1202.4, subd. (f).) We modify defendant's presentence custody credits and affirm the judgment as modified.

The trial court awarded defendant 1,896 days of presentence custody credit. However, defendant was arrested on June 15, 2009, and sentenced on August 26, 2014. He was entitled to credit for 1,899 days in presentence custody. (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48; *People v. Morgain* (2009) 177 Cal.App.4th 454, 469.) The judgment must be modified and the abstract of judgment amended to so provide. (*People v. Ramirez* (2014) 224 Cal.App.4th 1078 1086-1087; *People v. Blunt* (1986) 186 Cal.App.3d 1594, 1602.)

The parties stipulated to a restitution order in the sum of $5,924.38. Defendant objects to the restitution order as follows: "[T]he same order [was] made as to co-defendant Escamilla. Because there is no proper reason for the aggregate payment of double victim restitution, [defendant] submits the court should have exercised its authority pursuant to [Penal Code, section 1202.4, subdivision (f)] to order that each defendant is jointly and severally liable for this amount of restitution." This issue was not raised in the trial court. As a result, it has been forfeited. (Evid. Code, § 353; *People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gamache* (2010) 48 Cal.4th 347, 409.)

The judgment is modified to award defendant credit for 1,899 days of presentence custody credit.  The judgment is affirmed in all other respects.  Upon remittitur issuance, the clerk of the superior court is to prepare an amended abstract of judgment and deliver a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.


We concur:


MOSK, J.


KRIEGLER, J.